THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
MAUREEN E. DELORETO and            )
DIANE E. HORTON,                    )
                                    )
            Plaintiffs,             )   C. A. NO. 05-CV-10712 RCL
     v.                             )
                                    )
SOVEREIGN BANK,                     )
                                    )
            Defendant.              )
_____)

**DEFENDANT SOVEREIGN BANK'S
MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Fed. R. Civ. P. 12(e), defendant, Sovereign Bank ("Sovereign"), moves for an order directing plaintiffs to file a more definite statement.

This case involves ATMs and the fees that banks sometimes charge ATM users who do not otherwise have an account relationship with the bank that operates the ATM. Under the *Electronic Funds Transfer Act* ("*EFTA*"), which governs the resolution of the plaintiffs' claims, if a bank wishes to charge non-customers for ATM usage, it must provide certain notices to ATM users. Plaintiffs' complaint, does nothing more that restate the *EFTA* (and its implementing regulations) and then assert the conclusion that Sovereign's ATM notices (at least the two notices referenced in the Complaint) are "inconspicuous." Because the complaint fails to include any factual averment regarding the allegedly inconspicuous nature of Sovereign's ATM notices, Sovereign cannot determine what aspect of its notices the plaintiffs believe to be inconspicuous. Thus, Sovereign requires, a more definite statement of the plaintiffs' claim in order to formulate an appropriate response. A more definite statement would also benefit the parties and the court because specific and concrete allegations, would either eliminate the need

for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or at least assist the parties in focusing such a motion on those specific aspects of Sovereign's notices which form the basis for the plaintiffs' Complaint.

In support of its motion, Sovereign submits the accompanying memorandum of law.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Sovereign requests an opportunity for oral argument on its Motion.

_____
John A. Houlihan

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, I, John A. Houlihan, certify that on May 10, 2005 I sent a letter concerning the subject of this motion to counsel for plaintiffs. Plaintiffs' counsel responded on May 15, 2005, declining to amend the Complaint or to discuss the issue. In further compliance with Local Rule 7.1, I sent draft copies of this motion and the supporting memorandum to plaintiffs' counsel on May 24, 2005 and attempted to speak by telephone with plaintiff's counsel on May 25. Unfortunately, the issues which divide the parties with respect to this motion could not be resolved or narrowed.

_____
John A. Houlihan

**SOVEREIGN BANK**
By its attorneys,

Dated: May 25, 2005

_____
John A. Houlihan (B.B.O. #542038)
Donald E. Frechette (B.B.O. #547293)
Joshua W. Gardner (B.B.O. #657347)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110-1800
(617) 439-4444  Telephone
(617) 439-4170  Telecopy

### CERTIFICATE OF SERVICE

I, John A. Houlihan, certify that on this 25th day of May, 2005, I caused a copy of this document to be served, via first class mail, postage prepaid, on the following counsel of record:

| | |
|---|---|
| Christopher M. Lefebvre, Esq. | Daniel A. Edelman |
| Claude Lefebvre, P.C. | Edelman, Combs, |
| Two Dexter Street | Latturner & Goodwin, LLC |
| Pawtucket, RI 02860 | 120 S. LaSalle St., 18th Floor |
| | Chicago, IL 60603 |

_____
John A. Houlihan