THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN E. DELORETO and <br> DIANE E. HORTON, <br>                  Plaintiffs, <br>    v. <br> SOVEREIGN BANK, <br>                  Defendant. | C. A. NO. 05-CV-10712 RCL |

**DEFENDANT SOVEREIGN BANK'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT**

In their complaint, plaintiffs allege that defendant, Sovereign Bank ("Sovereign") violated the notice requirements of the *Electronic Funds Transfer Act ("EFTA")*. Among other things, the plaintiffs assert the unsupported conclusion that certain ATM notices employed by Sovereign at two specific locations are "inconspicuous" in violation of the *EFTA*. However, plaintiffs refuse to offer even a single word of factual support for that critical assertion. Consequently, Sovereign can only guess as to the manner in which the plaintiffs believe that it violated the *EFTA*. Since their complaint fails to satisfy even the minimal requirements of Fed. R. Civ. P. 8(a) and 12(e), this Court should compel the plaintiffs to file a more definite statement describing the manner in which Sovereign's ATM notices are allegedly "inconspicuous."

**FACTUAL BACKGROUND**

Plaintiffs' complaint consists almost entirely of a restatement of the *EFTA* and its implementing regulations (along with class assertions). *See* Complaint, ¶¶ 1, 10, 12, 13, 14, and 17. In particular, the complaint notes that the *EFTA* regulates ATM fee disclosure and contains a

"conspicuous" notice requirement. *See* 15 *U.S.C*. § 1693b(d)(3) (2005). After setting forth the statutory and regulatory scheme of the *EFTA*, the complaint contains a single sentence describing Sovereign's alleged *EFTA* violations:

> The notice is inconspicuous and states that 'we may be charged a fee' of unspecified amount, whereas it should be conspicuous, state that a fee will be charged, and state what the fee is.

Complaint, ¶ 15. This sentence alludes to two asserted *EFTA* violations: (1) that Sovereign's notice does not state that a fee "will" be charged or its amount; and (2) that the notice is "inconspicuous." Sovereign understands the first allegation but cannot, without more, properly respond to the second alleged violation because of the conclusory and factually unsupported nature of the claim.

In an effort to avoid burdening the Court with this motion, counsel to Sovereign corresponded with plaintiffs' counsel, explaining Sovereign's difficulty with the "inconspicuous" allegation. Sovereign invited the plaintiffs to amend their complaint, and made clear that Sovereign would not treat the amendment as plaintiffs' "of right" pleading under *Fed. R. Civ. P*. 15(a). A copy of Sovereign's letter is attached as <u>Exhibit A</u>. Unfortunately, plaintiffs declined that invitation, instead asserting a "you know it when you see it" side-step of the issue:

> Much is to be said about the old adage that 'a picture states a thousand words.' If your client were to hire a photographer and visually inspect the disclosures relative to the potential assessment of fees for usage of their ATMs, it would easily conclude that they are not 'prominent and conspicuous' as mandated by Federal law.

A copy of plaintiffs' letter is attached as <u>Exhibit B</u>.

The plaintiffs' rejection of Sovereign's invitation to amend their complaint compelled Sovereign either to guess at the nature of the alleged violation or to file this motion.

## **ARGUMENT**

Fed. R. Civ. P. 12(e) provides that a defendant can move for a more definite statement where a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Accordingly, motions for more definite statements should be granted where "a pleading fails to specify the allegations in a manner that provides sufficient notice," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), or where the complaint fails to set forth "... the factual support for [plaintiff's] assertion of defendant's unlawful conduct." *Hatin v. Merrimac Spool & Reel*, No. 02-11821, 2002 WL 31556508, at *1 (D. Mass. Nov. 18, 2002).

Like the complaint in *Hatin*, the complaint at issue here fails to state the factual basis for the allegedly wrongful conduct. Plaintiffs' critical allegation of wrongdoing by Sovereign does nothing more that inversely regurgitate the *EFTA*'s use of the word "conspicuous." Sovereign knows what the *EFTA* says, but cannot, given the sparseness of the Complaint, possibly be expected to understand the manner in which it has supposedly violated the statute. Indeed, plaintiffs' allegations of wrongdoing are worse than vague – they are non-existent. Plaintiffs should be required to make at least some minimal factual allegation explaining how Sovereign's notices are supposedly "inconspicuous." If, as plaintiffs' letter claims, Sovereign's unlawful actions are self-evident, plaintiffs should have no trouble providing factual support for their claims.

In addition, the interests of judicial economy counsel in favor of a more definite statement. As presently drafted, the complaint's "inconspicuous" allegation is subject to dismissal for failure to state a claim. Plaintiffs' "inconspicuous" allegation simply restates an element of their claim – the equivalent, in a contract action, of alleging only that "Defendant breached a contract." Even under the liberal rules of federal pleading, that is not enough. *See*

*Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (complaint must include "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory"); *CCBN.Com, Inc. v. Thomson Fin., Inc.*, 270 F. Supp.2d 146, 154 (D. Mass. 2003) ("plaintiffs must do more than assert conclusory allegations"). However, filing a motion to dismiss – only to have plaintiffs amend the complaint – would be wasteful.  Therefore, this Court should order plaintiffs to amend their complaint to provide some factual support for their legal conclusion in order to eliminate or at least to minimize the inefficiencies that would inevitably be associated with a motion to dismiss the complaint as it is currently drafted.  At a minimum, a more specific complaint in which the plaintiffs offer some basic factual allegations to support the alleged conclusion that Sovereign's notices were not conspicuous within the meaning of the EFTA would allow the parties to properly focus a dispositive motion based on concrete allegations, rather than mere speculation as to what plaintiffs might be alleging.

## **CONCLUSION**

For the reasons outlined in this memorandum, Sovereign respectfully moves this Court for an order requiring plaintiffs to amend their complaint to assert the manner in which Sovereign's notices are "inconspicuous" under the *EFTA*.

- 5 -

                              **SOVEREIGN BANK**
                              By its attorneys,

                              _____

Dated: May 25, 2005                  John A. Houlihan (B.B.O. #542038)
                                          Donald E. Frechette (B.B.O. #547293)
                                          Joshua W. Gardner (B.B.O. #657347)
                                          EDWARDS & ANGELL, LLP
                                          101 Federal Street
                                          Boston, MA  02110-1800
                                          (617) 439-4444  Telephone
                                          (617) 439-4170  Telecopy

## CERTIFICATE OF SERVICE

     I, John A. Houlihan, certify that on this 25th day of May, 2005, I caused a copy of the foregoing document to be served via first class mail, postage prepaid, on the following counsel of record:

| | |
|---|---|
| Christopher M. Lefebvre, Esq. | Daniel A. Edelman |
| Claude Lefebvre, P.C. | Edelman, Combs, |
| Two Dexter Street | Latturner & Goodwin, LLC |
| Pawtucket, RI  02860 | 120 S. LaSalle St., 18th Floor |
| | Chicago, IL  60603 |

                                          _____
                                          John A. Houlihan

# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

John A. Houlihan
617.951.2255
*fax* 888.325.9113
jhoulihan@EdwardsAngell.com

May 10, 2005

Daniel A. Edelman
Edelman Combs Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Floor
Chicago, IL 60603

Christopher M. Lefebvre
Claude Lafebvre, P.C.
2 Dexter Street
Pawtucket, RI 02860

Re:   **Maureen E. DeLoreto and Diane E. Horton v. Sovereign Bank**
      **U.S.D.C. D. MA. C.A. No. 05-CV-10712 RCL**

Gentlemen:

As you know, this office represents Sovereign Bank in connection with the above-referenced matter. In paragraph 15 of your Complaint, the plaintiffs allege that:

> Defendant Sovereign Bank did not post a notice on its ATMs that complied with 15 U.S.C. §1693b and 12 C.F.R. §205.16. The notice is inconspicuous and states that "we may be charged a fee" of an unspecified amount, whereas it should be conspicuous, state that the fee will be charged and state what that fee is.

Neither this allegation nor any of the other allegations contained in the Complaint contain information sufficient for Sovereign to determine precisely how its "notice is inconspicuous." Sovereign is contemplating filing a motion for more definite statement. However, before filing such a motion, we wanted to invite you to consider amending the Complaint to provide us with some basis for your contention that the notice is inconspicuous. Among other things, such information would enable Sovereign to make a more meaningful response to the plaintiffs' allegation.

Please accept this letter as an invitation to confer regarding this issue as required under Local Rule 7.1 of the United States District Court for the District of Massachusetts. This letter also confirms that if you elect to amend the Complaint in response to Sovereign's invitation, Sovereign will not treat or interpret that amendment to be the plaintiffs "of right" pleading under Fed. R. Civ. P. 15(a).

Very truly yours,

*John A. Houlihan*

John A. Houlihan

JAH:jn

cc:   Donald E. Frechette

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS, NJ | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

BOS_487561_1/JHOULIHAN



*FROM THE OFFICE OF THE*
# FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*
**CLAUDE F. LEFEBVRE**
**CHRISTOPHER M. LEFEBVRE, P.C.**

*ATTORNEYS & COUNSELORS AT LAW*

May 15, 2005

John A. Houlihan, Esq.
Edwards & Angell LLP
101 Federal Street
Boston, MA 02110

RE: Maureen E. Deloreto and Diane E. Horton v. Sovereign Bank (C.A. No 05-10712RCL)

Dear Mr. Houlihan:

    Your letter of May 10, 2005 is hereby acknowledged. At this point we do not see any need to amend our Complaint. Prior to the initiation of this lawsuit, we conducted an investigation relative to the disclosures that are contained on the ATMs throughout the geographical areas referenced in the Complaint. Much is to be said about the old adage that "a picture states a thousand words". If your client were to hire a photographer and visually inspect the disclosures relative to the potential assessment of fees for usage of their ATMs, it would easily conclude that they are not "prominent and conspicuous" as mandated by Federal law. Additionally, the use of the word "may" does not comply with the requirements of the EFTA. We are confident that our Complaint adequately notifies Sovereign of the alleged violation of the EFTA and the accompanying regulations.

                                                  Very truly yours,

                                                  Christopher M. Lefebvre, Esq.

CML/ss

cc: Daniel A. Edelman