**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MAUREEN E. DELORETO and <br> DIANE E. HORTON, <br>       Plaintiffs, <br><br>       v. <br><br> SOVEREIGN BANK, <br>       Defendant. | ) <br> ) <br> ) <br> ) <br> )   C.A. No. 05-CV-10712 RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, Maureen Deloreto and Diane Horton, submit the following memorandum in opposition to defendant Sovereign Bank's motion to dismiss.

Sovereign has filed a completely improper motion to dismiss, in which it relies on evidence outside the complaint, including photographs and an affidavit. This Court should disregard that evidence, and address only those arguments that do not depend on the extrinsic evidence. In the alternative, this Court should convert defendant's motion to a motion for summary judgment, and allow plaintiffs time to take discovery and submit counter evidence before ruling.

**INTRODUCTION**

Congress has provided certain requirements for notifying consumers of any fees that will be charged in connection with using automatic teller machines ("ATMs"). 15 U.S.C. §§1693 *et seq*. ("the EFTA"). Those rules require that ATM operators post a "prominent and conspicuous" notice at their machines informing consumers that a fee will be imposed. In violation of those requirements, Sovereign maintains ATMs which do not have prominent and conspicuous notices

posted on or near the machines regarding the fees which will be imposed. Instead, on most Sovereign machines the fee notices appear underneath several advertisements and notices. In addition, the numerous notices and advertisements are often located on a wall off to the side or across from the machine. (Amd. Cmpt. ¶15(a)).

The typeface used on the notices is too small to be easily read by the average consumer, and it is a lighter color and smaller print than used in the surrounding notices. (Amd. Cmpt. ¶15(b)). Moreover, the notices do not state that a fee will definitely be charged. (Amd. Cmpt. ¶15(b)). Instead they provide: "Sovereign Bank may charge a fee to US cardholders for withdrawing cash. This fee is added to the amount of your withdrawal by Sovereign Bank and is in addition to any fees that may be charged by your financial institution. This Convenience Fee does not apply to Sovereign Bank Cardholders." On information and belief, Sovereign Bank always charges a fee to non-Sovereign Bank cardholders. Id.

Plaintiffs withdrew money from Sovereign's ATMs, and were charged a fee for doing so. Plaintiffs have filed suit against Sovereign alleging Sovereign's improper ATM notices violated the EFTA. Sovereign has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should succeed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." Gorski v. New Hampshire Dep't of Corr., 290 F.3d 466, 473 (1st. Cir. 2002) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)). The allegations in the complaint must be taken as true, and all reasonable inferences in favor of plaintiff must be made when ruling on a motion to dismiss. Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994). As explained below, Sovereign's motion should be denied.

I.  **SOVEREIGN WAS REQUIRED TO INFORM CONSUMERS THAT A FEE WOULD BE IMPOSED FOR WITHDRAWALS.**

Sovereign contends that its notices comply with the statutory requirements because it is permitted to state that a fee "may" be charged, because there are some transactions in which a fee might not be charged, and the statute does not require the use of the word "will."[2] Sovereign's argument ignores the fact that its notice specifically refers to a fee for "withdrawing cash," not any another type of transaction. Plaintiff has alleged that non-customers are always charged a fee for withdrawing cash (Amd. Cmpt. ¶15(c), which means that Sovereign's notice is inaccurate.

Sovereign's notice states that "Sovereign Bank may charge a fee to US cardholders for withdrawing cash. This fee is added to the amount of your withdrawal by Sovereign Bank and is in addition to any fees that may be charged by your financial institution. This Convenience Fee does not apply to Sovereign Bank Cardholders." (Amd. Cmpt. ¶15(c)).

The proposed Federal Reserve Board clarification on which Sovereign relies addresses transactions other than cash withdrawals, such as balance inquiries, in which a fee might not be charged. The clarification indicates that a financial institution may provide that a fee "may" be imposed for some transactions, if in fact there are some transactions for which no fee is charged because otherwise the disclosure could be overbroad and misleading. However, in this case, Sovereign's notice specifically refers only to cash withdrawals, and plaintiffs have alleged that Sovereign always imposes a charge on non-customers for cash-withdrawals. The proposed Federal

---

[2] Plaintiffs concede that the notice on the outside of the machine does not have to state the dollar amount of the fee.

Reserve Board clarification does not address such a situation, and it is therefore of no assistance to Sovereign.[3] It is also important to note that the proposed clarification on which Sovereign depends has never been formally adopted.

The statute plainly requires Sovereign to disclose that a fee will be imposed. Sovereign relies on a variety of rules of statutory construction to argue that the plain language of the statute should be ignored, but those rules actually support plaintiffs' position. As Sovereign acknowledges, the first rule of statutory construction is that the plain language of the statute should be applied. Chatman v. Gentle Dental Center of Waltham, 973 F.Supp.2d 157 (D.Mass. 1997). The statute plainly provides that the disclosures must inform the consumer of the fact that a fee is charged. 15 U.S.C. §1639b(d)(3)(A)(I). The regulations provide that an ATM operator that imposes a fee on a consumer shall: "Provide notice that a fee <u>will</u> be imposed for providing electronic fund transfer services or a balance inquiry. . . " 12 C.F.R. §205.16(b)(1) (emphasis added). As Sovereign admits, courts should presume that a legislature "says in a statute what it means and means in a statue what it says there." In re Hart, 328 F.3d 45, 49 (1st Cir. 2003). The statute uses language which plainly requires a definite and unambiguous disclosure that a fee will be imposed. That language should be applied, and when it is, it is clear that Sovereign's notice is not sufficient.

Although it is true that the statute and regulations do not dictate the precise form the disclosures must take, it is clear that the statute and regulations require a definite disclosure as to whether or not a fee will be charged. Whether the ATM operator who imposes such fees chooses to use the word "will" or some other language that indicates that a fee will definitely be imposed is

---

[3] The American Banker's Association suggested disclosure is also inapposite because it to refers to both fund transfers and balance inquiries.

up to the operator.[4]  What is not permitted is a disclosure which does not provide the consumer with a definite answer as to whether a fee will be charged for a certain type of transaction, if the notice refers specifically to a type of transaction for which a fee is always imposed.

Contrary to Sovereign's suggestion, plaintiffs do not maintain that Sovereign must "lie" to consumers and tell them that a fee will be charged when it will not.  What plaintiffs do maintain is that if Sovereign chooses to refer to cash withdrawals in its notices, and Sovereign always imposes a fee on non-customers for cash withdrawals, Sovereign's notice must inform consumers of the fact that a fee will be imposed.  There is nothing misleading about such a disclosure.  To the contrary, it serves the statutory purpose of making sure the consumer is informed that a fee will be imposed before the consumer invests any time into using the ATM in question. Burns v. First American Bank, 2005 U.S.Dist. LEXIS 9485, *15-16 (N.D.Ill.) ("EFTA's purpose is to protect the consumer.").

In short, defendant's motion to dismiss the complaint on the grounds that the wording of its notice complies with the statute must be denied.

**II.   THIS COURT SHOULD EITHER IGNORE DEFENDANT'S IMPROPER EVIDENCE, OR IN THE ALTERNATIVE SHOULD CONVERT DEFENDANT'S MOTION INTO A MOTION FOR SUMMARY JUDGMENT AND ALLOW PLAINTIFFS TIME TO CONDUCT DISCOVERY AND SUBMIT COUNTER EVIDENCE.**

Sovereign has blatantly violated the rules for 12(b)(6) motions to dismiss by attaching photographs and an affidavit to its brief and asking this Court to rely on both to dismiss plaintiffs'

---

[4] There are many ways fees could properly be disclosed without using the word "will." For example, the notice could state that: "There is a $1.50 charge for withdrawals for non-customers."

complaint. "If, on a motion [under Rule 12(b)(6)] to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56." <u>Garita Hotel Limited Partnershio v. Ponce Federal Bank, FSB</u>, 958 F.2d 15, 18 (1st Cir. 1992).

There are numerous problems with relying on the pictures submitted by Sovereign. First, although Sovereign has attached an affidavit from the photographer verifying that he took the pictures in question and that they are accurate, the affidavit provides no information regarding the scale of the photos, or as to whether or not the photos are actual size, and if not, by what degree they were blown up. The photos and affidavit also do not show from what position they were taken, which is required to answer important questions such as whether someone in a vehicle can actually see the disclosures at the drive through ATM through a car window without having to exit the vehicle. Although Sovereign suggests that the notice would be seen on the way to the ATM, given the apparent distance between the sign and the ATM, the notice could not be seen by a driver who stopped at the ATM, as would normally be the case. It also appears that it could not be seen by someone who was waiting behind another car to use the ATM. Absent a scale, or the presence of a vehicle in the picture, these questions cannot be answered with Sovereign's photographs, and this Court should therefore exclude the photographs and affidavit from consideration.

If this Court chooses to convert the motion to a summary judgment motion, plaintiffs request, pursuant to Fed.R.Civ.P. 56(f), to be given the opportunity to take discovery and submit their own evidence in response to the motion. Sovereign's motion was filed before either party was permitted to take discovery under the current rules. Plaintiffs would therefore

like to either take discovery surrounding the photographs, or submit their own photographs, with appropriate affidavits as to the scale of the photos, measurements of the signs, ATMs, vestibule at the walk-up ATM, etc., if this Court intends to consider Sovereign's photographs. Plaintiffs therefore request that this Court notify them if it intends to convert Sovereign's motion, and grant them sufficient time to take discovery and submit their own evidence in opposition to the motion.[5]

## II. THE NOTICES ARE NOT PROMINENT AND CONSPICUOUS, AND IN ANY EVENT, WHETHER THE NOTICES ARE PROMINENT IS A QUESTION OF FACT.

Sovereign contends that plaintiffs' complaint should be dismissed because plaintiffs have included allegations about the appearance of the notices, and not just their location. Sovereign's argument is meritless. Plaintiff has alleged: "The notices are not in a prominent and conspicuous location. On most machines they appear underneath several advertisements and notices. In addition, the numerous notices and advertisements are often located on a wall off to the side of the machine." (Cmpt. ¶15(a)). Thus, even if you were to accept Sovereign's argument that only the location of the notices must be conspicuous, plaintiffs have stated a claim that cannot be dismissed. Notices which are posted far from the ATM machine are not in a prominent location, and in any event, that is a question of fact which cannot be decided on a motion to dismiss. Burns v. First American Bank, 2005 U.S.Dist. LEXIS 9485, *15 (N.D.Ill.) ("Whether or not FAB's [conflicting] notices violate EFTA is a factual issue . . .

---

[5] It should also be noted that, even if this Court does convert Sovereign's motion, the motion cannot be granted due to plaintiffs' allegations that the notices did not comply with the disclosure requirements, as explained in Section I above.

").

    Sovereign contends that one of its ATM vestibules is so small the notices had to be placed on the wall opposite the ATM, but plaintiffs will present evidence that the vast majority of ATM operators attach their notices directly to the machine, so there is no need to put the notices accross the room, even if it is a small room.  In addition, there is no reason that there could not be something on the machine alerting the user to the fee notices.

    Sovereign's argument that the content of the notices does not matter is also belied by logic and common sense.  If Sovereign's argument is true, an ATM operator could comply with the statute by putting a notice in a prominent location at eye level directly on the ATM machine, but using typeface so small that it could only be read with a microscope or in Sanskrit.  Such an interpretation of the statute produces exactly the absurd and unreasonable results Sovereign argues should be avoided. U.S. v. Meyer, 808 F.2d 912, 919 (1st 1987).  It is obvious that a notice cannot be "prominent" and "conspicuous" if it is difficult to read or obscured by numerous other notices.  Plaintiffs' allegations as to the size and color of the notices are therefore proper, and should not be dismissed.

## CONCLUSION

    For the reasons stated above, this Court should deny defendant's motion to dismiss.

                s/Cathleen M. Combs
                 Cathleen M. Combs
                 EDELMAN, COMBS, LATTURNER
                    & GOODWIN, LLC
                 120 S. LaSalle Street, 18th Floor
                 Chicago, Illinois  60603
                 (312) 739-4200

          (312) 419-0379 (FAX)

          Christopher M. Lefebvre
          CLAUDE LEFEBVRE, P.C.
          Two Dexter Street
          Pawtucket, RI  02860
          (401) 728-6060
          (401) 728-6534 (FAX)
          B.B.O. # 629056

## **CERTIFICATE OF SERVICE**

I, Cathleen M. Combs, hereby certify that on July 29, 2005, I caused a true and accurate copy of this certificate and the attached brief to be served via U. S. Mail upon the following parties.

TO:    John A. Houlihan
         Donald E. Frechette
         Joshua W. Gardner
         Edwards & Angell, LLP
         101 Federal Street
         Boston, MA 02110-1800

          s/Cathleen M. Combs
          Cathleen M. Combs