IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN E. DELORETO and<br>DIANE E. HORTON,<br><br>    Plaintiffs,<br> v.<br><br>SOVEREIGN BANK,<br><br>    Defendant. | )  C. A. NO. 05-CV-10712 RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SOVEREIGN BANK'S ANSWER TO THE THIRD AMENDED COMPLAINT**

Defendant Sovereign Bank ("Sovereign") answers the Third Amended Complaint of Maureen E. Deloreto and Diane E. Horton (collectively the "Plaintiffs") as follows:

**Introduction**

1. Sovereign denies the allegations in Paragraph 1 of the Third Amended Complaint.

**Jurisdiction and Venue**

2. The allegations in Paragraph 2 constitute conclusions of law as to which no response is required. To the extent that a response is required, Sovereign denies the allegations in Paragraph 2 of the Third Amended Complaint.

3. Sovereign admits that is does business in Massachusetts, but denies the remaining allegations in Paragraph 3 of the Third Amended Complaint.

**Parties**

4. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 4. Sovereign admits the allegations contained in the second sentence of Paragraph 4 of the Third Amended Complaint.

Case 1:05-cv-10712-RCL     Document 30     Filed 11/22/2005     Page 2 of 10

5. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 5. Sovereign admits the allegations contained in the second sentence of Paragraph 5 of the Third Amended Complaint.

6. Sovereign admits that it does business in Massachusetts and that it maintains offices in Massachusetts and Rhode Island. Sovereign denies the remaining allegations in Paragraph 6 of the Third Amended Complaint.

7. Sovereign admits the allegations in Paragraph 7 of the Third Amended Complaint.

**Facts**

8. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Third Amended Complaint.

9. Sovereign lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Third Amended Complaint.

10. The allegations contained in the first sentence of Paragraph 10 constitute conclusions of law as to which no response is required. To the extent that a response is required, Sovereign denies the allegations contained in the first sentence of Paragraph 10. Further answering, Sovereign states that the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") speaks for itself. Sovereign denies the allegations in the second sentence of Paragraph 10 to the extent that they are inconsistent with the EFTA.

11. Sovereign admits that it charged a Convenience Fee of $1.50 in connection with the transactions evidenced by Exhibits A and B to the Third Amended Complaint. Sovereign denies the remaining allegations in Paragraph 11 of the Third Amended Complaint.

- 2 -
BOS_491485_2/JGARDNER

**Violations Alleged**

**Count I - EFTA**

12.     Sovereign incorporates its answers to Paragraphs 1 through 11 of the Third Amended Complaint.

13.     Sovereign admits that it did not notify the general public with the specific statement that they "will be required to pay a fee each time they use an ATM maintained by Sovereign Bank with certain exceptions." Sovereign denies the remaining allegations in Paragraph 13 of the Third Amended Complaint.

14.     Sovereign states that the EFTA speaks for itself and denies the allegations in Paragraph 14 of the Third Amended Complaint to the extent that they are inconsistent with that statute.

15.     Sovereign states that Regulation E, 12 C.F.R. § 205.16, speaks for itself and denies the allegations in Paragraph 15 of the Third Amended Complaint to the extent that they are inconsistent with that regulation.

16.     Sovereign admits that the machine notices at the two locations mentioned in the Third Amended Complaint read: "Sovereign Bank may charge a fee to US cardholders for withdrawing cash. This fee is added to the amount of your withdrawal by Sovereign Bank and is in addition to any fees that may be charged by your financial institution. This Convenience Fee does not apply to Sovereign Bank Cardholders." Sovereign admits that some of its machine notices are located on walls next to Sovereign ATM machines. Sovereign denies the remaining allegations in Paragraph 16 of the Third Amended Complaint.

17. The allegations in Paragraph 17 state a conclusion of law to which no response is required. To the extent that a response is required, Sovereign denies the allegations in Paragraph 17 of the Third Amended Complaint.

18. Sovereign states that the EFTA speaks for itself and denies the allegations in Paragraph 18 of the Third Amended Complaint to the extent that they are inconsistent with that statute.

### Class Allegations

19. Sovereign denies the allegations in Paragraph 19 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

20. Sovereign denies the allegations in Paragraph 20 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

21. Sovereign denies the allegations in Paragraph 21 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

22. Sovereign denies the allegations in Paragraph 22 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

23. Sovereign denies the allegations in Paragraph 23 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

24. Sovereign denies the allegations in Paragraph 24 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

### Count II – Mass. G.L., Ch. 93A

25. Sovereign incorporates its answers to Paragraphs 1 through 18.

26. The allegations in Paragraph 26 constitute conclusions of law as to which no response is required. To the extent that a response is required, Sovereign denies the allegations in Paragraph 26 of the Third Amended Complaint.

27. The allegations in Paragraph 27 constitute conclusions of law as to which no response is required. To the extent that a response is required, Sovereign denies the allegations in Paragraph 27 of the Third Amended Complaint.

## Class Allegations

28. Sovereign denies the allegations in Paragraph 28 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

29. Sovereign denies the allegations in Paragraph 29 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

30. Sovereign denies the allegations in Paragraph 30 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

31. Sovereign denies the allegations in Paragraph 31 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

32. Sovereign denies the allegations in Paragraph 32 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

33. Sovereign denies the allegations in Paragraph 33 of the Third Amended Complaint and specifically denies that any class should be certified in this case.

34. In response to the unnumbered paragraph constituting the prayer for relief, Sovereign denies that the Plaintiffs or the putative class are entitled to any relief whatsoever in this case.

## SOVEREIGN'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

35. The Third Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

36. Upon information and belief, the Plaintiffs lack standing to bring some or all of the claims in this case.

### Third Affirmative Defense

37. The Third Amended Complaint is barred in whole or in part by the doctrines of waiver, estoppel, consent, and ratification.

### Fourth Affirmative Defense

38. Upon information and belief, Plaintiffs and the putative class have failed to take reasonable steps to protect themselves from the damage alleged in the Third Amended Complaint and have failed to mitigate any such alleged damage.

### Fifth Affirmative Defense

39. Plaintiffs' claims and the claims of the putative class members are barred because Sovereign acted in good faith in conformity with the EFTA and Regulation E.

### Sixth Affirmative Defense

40. Plaintiffs' claims and the claims of the putative class members are barred because Sovereign maintained reasonable procedures, and to the extent that not withstanding Sovereign's denial of any violation of the EFTA and Regulation E, this Court ultimately determines that a violation occurred, any violation of the EFTA and Regulation E was de minimus in nature and unintentional.

**Seventh Affirmative Defense**

41.     To the extent that they are grounded on alleged violations of state law, Plaintiffs' claims and the claims of the putative class members are barred by the doctrine of preemption.

**Eighth Affirmative Defense**

42.     To the extent that Plaintiffs assert claims with respect to ATM machines located outside of Massachusetts or pursuant to laws of any state other than Massachusetts, Plaintiffs lack standing to assert such claims.

**Ninth Affirmative Defense**

43.     Plaintiffs failed to comply with the requirements of § 9 of M.G.L. ch. 93A.

**Tenth Affirmative Defense**

44.     Any injury to the Plaintiffs, and/or putative class members, is a result of their own conduct, the conduct of their agents, or the conduct of third parties, and not the responsibility of Sovereign.

**Eleventh Affirmative Defense**

45.     No action or omission of Sovereign was a substantial cause of the occurrence referred to in the Third Amended Complaint, or any injury, damage, or loss to the Plaintiffs, nor was any act or omission of Sovereign a contributing cause thereof, and any act or omission of Sovereign was superseded by the acts or omissions of other persons, and those acts or omissions were the independent, superseding, intervening and proximate cause of the accident and damage alleged in this action.

### Twelfth Affirmative Defense

46.     Plaintiffs and/or putative class members have consented to, approved of and/or ratified the conduct, which forms the basis for their claims.

### Thirteenth Affirmative Defense

47.     This case is not appropriate for certification as a class action, and all class allegations and class claims should be stricken or dismissed.

### Fourteenth Affirmative Defense

48.     Upon information and belief, the claims of some putative class members are barred by the doctrines of accord and satisfaction, estoppel, *res judicata*, and/or release.

### Fifteenth Affirmative Defense

48.     Sovereign is entitled to all defenses permitted under the governing statutes, including all exemptions and exceptions to liability contained in the EFTA and Regulation E.

### Sixteenth Affirmative Defense

49.     Pursuant to 15 U.S.C. § 1693m(c), Sovereign may not be held liable to the Plaintiffs because its actions were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Seventeenth Affirmative Defense

50.     Pursuant to 15 U.S.C. § 1693m(d), Sovereign may not be held liable to the Plaintiffs because its actions were done in good faith compliance with rules, regulations, and interpretations of the Federal Reserve Board.

### Eighteenth Affirmative Defense

51. In accordance with the provisions of 15 U.S.C. § 1693h(d) Sovereign may not be held liable to the extent that Sovereign's notices were properly posted but subsequently removed, damaged, or altered by a person other than Sovereign.

### Nineteenth Affirmative Defense

52. Sovereign intends to and will rely upon such other and further defenses as may become apparent during the course of this action and gives notice that it reserves and will rely upon all defenses it may have as to any of the absent members of the putative class if a class is certified. Sovereign further reserves the right to assert counterclaims against such person to the extent required in order to preserve its rights.

### Twentieth Affirmative Defense

53. Plaintiffs' cause of action against Sovereign was brought in bad faith or for purposes of harassment. Accordingly, pursuant to 15 U.S.C. § 1693m(f), Sovereign is entitled to its costs, including a reasonable attorney's fee.

WHEREFORE, Sovereign requests that this Court enter judgment in favor of Sovereign and against Plaintiffs on all claims, dismiss the Third Amended Complaint with prejudice, award Sovereign its costs, including a reasonable attorney's fee, and provide such other relief and awards that this Court deems just and appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **SOVEREIGN BANK**<br>By its attorneys, |
| Dated: November 22, 2005 | /s/ John A. Houlihan<br>John A. Houlihan (B.B.O. #542038)<br>Donald E. Frechette (B.B.O. #547293)<br>Joshua W. Gardner (B.B.O. #657347)<br>EDWARDS ANGELL PALMER & DODGE LLP<br>101 Federal Street<br>Boston, MA  02110-1800<br>(617) 439-4444  Telephone<br>(617) 439-4170  Telecopy |