THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
MAUREEN E. DELORETO and        )
DIANE E. HORTON,               )
        Plaintiffs,            )
    v.                         )        C. A. NO. 05-CV-10712 RCL
                               )
SOVEREIGN BANK,                )
        Defendant              )
```

**DEFENDANT SOVEREIGN BANK'S MOTION FOR SUMMARY JUDGMENT**

Based on the undisputed facts, defendant, Sovereign Bank ("Sovereign") moves, pursuant to Fed. R. Civ. P. 56(b), for summary judgment, dismissing the Third Amended Complaint on the grounds that: (1) Sovereign's use of the word "may" rather than "will" in the Placard Notices posted at its Seekonk and Plainville, Massachusetts branches fully complies with the requirements of the Electronic Funds Transfer Act, 15 *U.S.C.* §§ 1693, *et seq.* ("EFTA") and the operative regulations adopted pursuant to the EFTA; (2) the EFTA's "prominent and conspicuous" requirement applies only to the location of the Placard Notices, not to the style of presentation or content of those Notices; (3) as a matter of law, Sovereign posted the Placard Notices referenced in the Third Amended Complaint at prominent and conspicuous locations within the meaning of the ETFA; (4) since Sovereign has not violated the EFTA, plaintiffs cannot sustain a claim under Mass. Gen Laws ch. 93A; (5) plaintiffs failed to send a demand letter that complied with the requirements of Mass. Gen Laws ch. 93A §9; and (6) plaintiffs do not allege and cannot show any causal connection between Sovereign's alleged wrongful conduct and any adverse consequence or loss as required by Mass. Gen. Laws ch. 93A §9. Therefore, plaintiffs' Third Amended Complaint should be dismissed in its entirety.

In support of its motion, Sovereign relies upon the deposition testimony and affidavit of Charles M. Begley, together with the affidavits of Rodney A. Simmons, Rhiannon E. Hernandez, Stephanie K. Comeau and Aaron Usher, as well as the video recording of the ATM locations at issue recorded pursuant to the agreement of the parties, the photographs taken by Mr. Usher, and the other materials referenced in the Appendix of Exhibits.  In further support of its motion, Sovereign submits the accompanying statement of undisputed facts and memorandum of law.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D) of the United States District Court for the District of Massachusetts, Sovereign requests an opportunity for oral argument with respect to this motion.

## CERTIFICATION PURSUANT TO *LOCAL RULE* 7.1

In accordance with the requirements of Local Rule 7.1(A)(2) of United States District Court for the District of Massachusetts, I, John A. Houlihan, certify that by letter dated January 12, 2006 and in telephone calls to plaintiffs counsel on January 30 and 31, 2006, I attempted to narrow the issues in dispute in connection with this motion for summary judgment.  However, given the dispositive nature of the motion, the parties were unable to resolve or narrow the issues raised by Sovereign's motion.

|  |  |
|---|---|
|  | SOVEREIGN BANK<br>By its attorneys, |
|  | /s/ John A. Houlihan<br>/s/ Donald E. Frechette |
| Dated: January 31, 2006 | /s/ Joshua W. Gardner<br>John A. Houlihan (B.B.O. #542038)<br>Donald E. Frechette (B.B.O. #547293)<br>Joshua W. Gardner (B.B.O. #657347)<br>EDWARDS ANGELL PALMER & DODGE LLP<br>111 Huntington Avenue<br>Boston, MA  02199-7613<br>(617) 239-0100  Telephone<br>(617) 227-4420  Telecopy |

BOS_489627_5/JGARDNER