IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN E. DELORETO and<br>DIANE E. HORTON,<br><br>      Plaintiffs,<br><br>v.<br><br>SOVEREIGN BANK,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 05 CV 10712 RCL<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(f)**

Plaintiffs request, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, that this Court grant them a 60 day extension of time in which to respond to defendants' motion for summary judgment so that they may take certain discovery.

In support of their motion, plaintiffs state:

1.     Plaintiffs's complaint alleges that the signs regarding fees to non-customers for using its ATM's violated the EFTA. Plaintiffs allege that the wording of the Sovereign notice violates the EFTA and that the location of the notices are not placed in a prominent and conspicuous location as required by the statute.

2.     Pursuant to an agreement by the parties, this Court entered a schedule for filing and responding to motions for summary judgment. As part of that schedule, plaintiffs were allowed to take discovery regarding a narrow area – namely the circumstances under which defendant does not impose a surcharge on noncustomers for the use of its ATM's. The defendant did produce a 30(b)(6) deponent on this limited "may/will" charge a fee issue. In addition, the

defendant indicated during the status conference that it would be filing a motion for summary judgment regarding plaintiffs' claim that the notices were not placed in a prominent and conspicuous location. In an attempt to minimize costs and expedite an adjudication of the summary judgment process, the parties agreed to jointly hire a videographer to film the ATM's and location of fee notices, which was supposed to be used in any motions for summary judgment that were filed. Accordingly, no discovery was commenced on the issue regarding the prominent and conspicuous location requirement of the signage.

3. Defendant then filed its motion for summary judgment. The motion for summary judgment addresses two issues, first the wording of the fee notices, and secondly the location of the fee notices. In relation to the second issue, Defendants do not rely solely on the video and the photos they previously submitted, but instead also submitted affidavits from Sovereign employees, including two (Hernandez and Comeau) who allege facts relating to the visibility of the ATM fee notices. Those allegations include statements that: the fee notice "is placed in a location reasonably calculated to impart its information to non-Sovereign customers" (Hernandez Aff., ¶15).

4. As provided in the attached Declaration of Tara L. Goodwin, plaintiffs cannot adequately respond to defendant's motion for summary judgment without deposing Sovereign's affiants, and obtaining counter-affidavits and possibly an expert concerning the issue of whether the fee notices are placed in a reasonable location.

5. Plaintiffs have had a discussion with defendant's counsel concerning the affidavits they filed in support of their request for summary judgment. Defendants have agreed to produce their affiants for depositions. Furthermore defendant's counsel indicated that since plaintiffs

intend to submit counter-affidavits, defendant would also want the opportunity depose plaintiffs' affiants.

**WHEREFORE**, plaintiffs request that this Court grant them a 60 day extension of time in which to respond to defendant's motion for summary judgment, so that they may take discovery and obtain counter-affidavits to support their opposition to the motion for summary judgment.

                                        Respectfully submitted,

                                        /s/<u>Christopher M. Lefebvre</u>
                                        LAW OFFICES OF CLAUDE
                                              LEFEBVRE & SONS
                                        P.O. Box 479
                                        Pawtucket, RI 02862
                                        (401) 728-6060
                                        (401) 728-6534 (FAX)
                                        B.B.O. # 629056

                                        Cathleen M. Combs (pro hac vice)
                                        Tara L. Goodwin
                                        EDELMAN COMBS, LATTURNER, LLC
                                        120 South LaSalle Street, 18th Floor
                                        Chicago, Illinois 6603
                                        (312) 739-4200
                                        (312) 419-0379 (FAX)

## <u>LOCAL RULE 7.1(a)(2) CERTIFICATION</u>

I hereby certify that I attempted to contact opposing counsel regarding the request sought herein. Opposing counsel does not consent to the granting of the relief requested herein.

                                        /s/ <u>Christopher M. Lefebvre</u>

## CERTIFICATE OF SERVICE

      I, Christopher M. Lefebvre, hereby certify that on February 20, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system John A. Houlihan, counsel for the defendant Sovereign Bank.

                                      /s/ Christopher M. Lefebvre

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN E. DELORETO and <br> DIANE E. HORTON, <br><br> Plaintiffs, <br><br> v. <br><br> SOVEREIGN BANK, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )  C.A. No. 05 CV 10712 RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

## DECLARATION OF TARA L. GOODWIN

I, Tara L. Goodwin, declare under penalty of perjury, that the following statements are true and correct:

1. I am one of the attorneys representing the plaintiffs in this case.

2. The limited discovery plaintiffs were permitted prior to the time defendant filed its motion for summary judgment did not cover the issue of the location of the fee notices.

3. Plaintiffs cannot adequately respond to defendant's motion for summary judgment, and specifically to defendant's evidence regarding the location of the fee notices, without deposing defendant's affiants and obtaining counter affidavits and possibly an expert regarding the issue of the placement of the fee notices.

Dated: February 20, 2006                           s/ Tara L. Goodwin
                                                   _____
                                                   Tara L. Goodwin