UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN E. DELORETO and<br>DIANE E. HORTON,<br><br>           Plaintiffs,<br>  v.<br><br>SOVEREIGN BANK,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)   C. A. NO. 05-CV-10712 RCL<br>)<br>)<br>)<br>) |

**SOVEREIGN BANK'S PARTIAL OPPOSITION TO PLAINTIFFS'
MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Sovereign Bank ("Sovereign"), objects to the Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment because: (1) plaintiffs do not and cannot satisfy the requirements of Fed. R. Civ. P. 56(f); and (2) plaintiffs' Motion is grounded on the erroneous factual predicate that they require certain discovery in order to respond to Sovereign's Motion for Summary Judgment. They do not.

Notwithstanding the deficiencies in plaintiffs' Motion, Sovereign does not object to an extension of the discovery as outlined below in paragraph eleven (11). During the course of the parties' Local Rule 7.1 conference, counsel to Sovereign repeatedly suggested a resolution along the lines of this proposal. Unfortunately, without offering any explanation, plaintiffs' counsel declined to agree to the Sovereign's proposal. Nevertheless, the proposal is a fair and equitable resolution of the issues raised by the plaintiffs. Therefore, to the extent that this Court affords any relief to the plaintiffs, it should enter an order consistent with Sovereign's proposal.

In support of this Opposition, Sovereign states the following:

1.     During the October 27, 2005 status conference, the parties agreed that the plaintiffs' complaint raised three issues: (1) whether Sovereign's use of the word "may" rather than "will" in its Placard Notices posted at its Seekonk and Plainville, Massachusetts branches complies with the Electronic Funds Transfer Act ("EFTA") and the EFTA's operative regulations; (2) whether the EFTA's "prominent and conspicuous" requirement applies only to the location of the Placard Notices, not to the style of presentation or content of the Placard Notices; and (3) whether, as a matter of law, Sovereign posted the Placard Notices referenced in the Third Amended Complaint at prominent and conspicuous locations within the meaning of the ETFA.

2.     Counsel agreed to limit Phase I discovery to those circumstances in which Sovereign does not charge a convenience fee to non-Sovereign U.S. cardholders who utilize Sovereign ATMs for cash withdrawal transactions. At the same time, in connection with the issue of the conspicuousness of the Placard Notices, the parties agreed to prepare and present to the Court a videotape of the four ATM locations at issue in this action.

3.     In accordance with the parties' agreement concerning discovery, Sovereign produced documents concerning instances in which Sovereign does not charge a convenience fee to non-Sovereign U.S. cardholders who utilize Sovereign ATMs for cash withdrawal transactions. Sovereign also produced a 30(b)(6) witness to testify on that topic.

4.     Although Sovereign does not believe that the issue is material to the pending motion for summary judgment, it should be noted that it was the plaintiffs, and not Sovereign, who first raised the issue of a consumer's ability to see the Placard Notices while seated in an automobile parked at the drive-up ATMs. In accordance with their agreement, the parties retained a videographer to prepare a videotape of the ATM locations at issue. During the course

of that exercise, plaintiffs' counsel instructed the videographer to take video of the drive-up ATM locations from specific angles. Plaintiffs' counsel indicated plaintiffs' intention to argue that the Placard Notices are not visible to consumers whose automobiles are parked in front of the drive-up ATMs. It was only because Sovereign believed plaintiffs would advance this argument that Sovereign included language on this issue in its affidavits.

5. Regardless, Plaintiffs' reliance on Fed. R. Civ. P. 56(f) is misplaced because absolutely nothing prevents plaintiffs from presenting by affidavit the facts essential to their opposition to Sovereign's Motion for Summary Judgment.

6. Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party **cannot for reasons stated present by affidavit facts essential to justify the parties' opposition**, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f) (emphasis added).

7. A party seeking to rely on Rule 56(f) "must (1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue, and (2) demonstrate good cause for failure to have conducted the discovery earlier." Price v. Gen. Motors Corp., 931 F.2d 162, 164 (1st Cir. 1991) (quotations omitted); see C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44 (1st Cir. 1998) (moving party "must demonstrate that it was diligent in pursuing discovery before the summary judgment initiative surfaced"). A party seeking to rely on the rule in order to take more discovery must make a proffer that "should show good cause for failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the

pending summary judgment motion." Resolution Trust Corp. v. North Bridge Assoc., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994); see Mouliert-Vidal v. Flores-Galarza, No. 04-1665, 2006 WL 60961, at *3 (1st Cir. Jan 12, 2006) ("the district court may refuse to authorize Rule 56(f) discovery if the information sought will not be pertinent to the theory of law advanced by the summary judgment motion").

8. In this case, the plaintiffs cannot rely on Rule 56(f) for the simple reason that absolutely nothing prevents plaintiffs from presenting "by affidavit facts essential to justify the parties' opposition." Fed. R. Civ. P. 56(f). The plaintiffs admit that they have long been on notice that Sovereign "would be filing a motion for summary judgment regarding the plaintiffs' claim that the notices were not placed in a prominent and conspicuous location." Plaintiff's Motion, at ¶ 2. Plaintiffs could have earlier, or at the very least could now, easily submit counter affidavits presumably from the plaintiffs themselves, but also from whatever expert they have retained. Sovereign is at a loss to understand why additional discovery needs to be taken. The plaintiffs have presumably used the ATMs in question. Moreover, the configuration of the ATMs is not in dispute. In order to secure counter affidavits, all Plaintiffs need do is take a short trip to the ATMs. The Placard Notices have been right there outside the two Sovereign Bank locations and available for inspection since the inception of this suit. There can be no good cause for plaintiffs' failure to have discovered the facts sooner.

9. Finally, the information in Sovereign's affidavits to which plaintiffs object is immaterial to the Motion for Summary Judgment. Plaintiffs' Declaration of Tara L. Goodwin noticeably fails to contain any indication either of what facts plaintiffs hope to garner, or of how those facts would at all influence the outcome of the Motion for Summary Judgment. In fact, plaintiff's Motion cites as objectionable only the statements from two Sovereign employees that

those particular affiants believe the Placard Notice "is placed in a location reasonably calculated to impart its information to non-Sovereign customers." Plaintiff's Motion, at 3. Whether the beliefs of these two individuals is even pertinent to the legal issue of whether, based on an objective standard, the Placard Notices are placed in a location reasonably calculated to impart their information is open to debate.[1] The question need not be resolved, however, because Sovereign purposefully did not include these statements in its Statement of Undisputed Facts, and did not rely on these statements in its Memorandum of Law. There is absolutely no need for plaintiffs to take discovery on these two individuals' beliefs because Sovereign does not rely on their beliefs. Accordingly, the information sought would not even be pertinent to the pending Motion for Summary Judgment.

10.  Accordingly, the plaintiffs have not and cannot establish that they are unable to present by affidavit the facts essential to their defense. In short, plaintiffs have not properly supported their motion and no ground exists for an extension pursuant to Fed. R. Civ. P. 56(f).

11.  Notwithstanding the plaintiffs' failure to satisfy the conditions of Fed. R. Civ. P. 56(f), Sovereign is willing to agree to the following reasonable solution. Sovereign will assent to a sixty (60) day extension of time for the plaintiffs to oppose Sovereign's Motion for Summary Judgment. Sovereign will also agree to make Rhiannon Hernandez and Stephanie Comeau available to give deposition testimony relating only to the subjects covered in their affidavits, on the condition that plaintiffs provide Sovereign with any opposition affidavits and thereafter make the affiants available to Sovereign for deposition on a reciprocal basis. Sovereign, however, will not agree to open discovery to class-wide issues.

---

[1] Sovereign would argue that the beliefs of these two individuals is immaterial to the Court's application of the objective "reasonable" standard for evaluating the location of the Placard Notices.

12. **WHEREFORE,** Sovereign respectfully requests that this Court enter an order denying Plaintiffs' Motion for Extension of Time pursuant to Fed. R. Civ. P. 56(f). If the Court is inclined to grant plaintiffs' motion, Sovereign requests that the Court: (1) order a sixty (60) day extension of time for the plaintiffs to oppose Sovereign's Motion for Summary Judgment; (2) order that plaintiffs be allowed to take the depositions of Rhiannon Hernandez and Stephanie Comeau only on the subjects covered in their affidavits; (3) order that plaintiffs provide Sovereign's counsel copies of any opposition affidavits; (4) order that plaintiffs thereafter make their affiants available to Sovereign for deposition on a reciprocal basis; and (5) order that there continue to be no discovery on class wide issues.

**SOVEREIGN BANK**
By its attorneys,

Dated: February 24, 2006

/s/ Joshua W. Gardner
John A. Houlihan (B.B.O. #542038)
Donald E. Frechette (B.B.O. #547293)
Joshua W. Gardner (B.B.O. #657347)
EDWARDS ANGELL PALMER
& DODGE LLP
111 Huntington Avenue
Boston, MA  02199
(617) 439-4444  Telephone
(617) 439-4170  Telecopy

**CERTIFICATE OF SERVICE**

I, Joshua W. Gardner, hereby certify that on this 24th day of February a copy of the foregoing was filed electronically, and that notice of the foregoing was provided by electronic means to plaintiffs' counsel, Christopher M. Lefebve.

/s/ Joshua W. Gardner