UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN E. DELORETO and <br> DIANE E. HORTON, <br><br> Plaintiffs, <br> v. <br><br> SOVEREIGN BANK, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C. A. NO. 05-CV-10712 RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

**SOVEREIGN BANK'S SECOND UN-OPPOSED MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AUTHORITY**

Sovereign Bank ("Sovereign") submits this Second Un-Opposed Motion For Leave To File Supplemental Authority. In support of this motion, Sovereign states the following:

1. Plaintiffs have alleged that Sovereign's use of the word "may" in the Placard Notices at its ATMs violates the Electronic Funds Transfer Act ("EFTA"), and that Sovereign's Placard Notices are not placed in a "prominent and conspicuous" location in violation of the EFTA. On January 31, 2006, Sovereign filed a Motion for Summary Judgment.

2. Since the date of that filing, Judge Motz of the District of Maryland (on March 24, 2006) issued the summary judgment opinion Mohler v. Manufacturers & Traders Trust Co., No. CIV JFM-05-1070, 2006 WL 901639 (D. Md. Mar. 24, 200[6]). A copy of the opinion is attached as Exhibit A.

3. Sovereign believes the Mohler opinion – which deals with both the may-versus-will and conspicuousness issues present in the matter *sub judice* – would aid the Court in deciding the issues presented in Sovereign's Motion for Summary Judgment.

4. Plaintiffs do not oppose this motion.

5.      Accordingly, Sovereign asks that in ruling on Sovereign's Motion for Summary Judgment, the court consider Mohler v. Manufacturers & Traders Trust Co., No. CIV JFM-05-1070, 2006 WL 901639 (D. Md. Mar. 24, 200[6]).

Respectfully submitted,

**SOVEREIGN BANK**
By its attorneys,

Dated: April 10, 2006

/s/ Joshua W. Gardner
John A. Houlihan (B.B.O. #542038)
Donald E. Frechette (B.B.O. #547293)
Joshua W. Gardner (B.B.O. #657347)
EDWARDS ANGELL PALMER
& DODGE LLP
111 Huntington Avenue
Boston, MA  02199
(617) 439-4444  Telephone
(617) 439-4170  Telecopy

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, I, Joshua W. Gardner, certify that I spoke with Attorney Lefebve regarding this motion and that he indicated that plaintiffs do not oppose the motion.

/s/ Joshua W. Gardner
Joshua W. Gardner

### CERTIFICATE OF SERVICE

I, Joshua W. Gardner, hereby certify that on this 10th day of April 2006 a copy of the foregoing was filed electronically, and that notice of the foregoing was provided by electronic means to plaintiffs' counsel.

/s/ Joshua W. Gardner
Joshua W. Gardner



Westlaw.

Slip Copy                                                                                                    Page 1

Slip Copy, 2006 WL 901639 (D.Md.)

**(Cite as: 2006 WL 901639 (D.Md.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Maryland.
Cara L. **MOHLER**
v.
MANUFACTURERS AND TRADERS TRUST COMPANY a/k/a M & T Bank
**No. CIV JFM-05-1070.**

March 24, 2005.

Scott C. Borison, Legg Law Firm LLC, Frederick, MD, for Cara L. Mohler.

Edward Hutchinson Robbins, Jr., Jefferson V. Wright, Katherine B. Hill, Miles and Stockbridge PC, Baltimore, MD, for Manufacturers and Traders Trust Company a/k/a M & T Bank.

MEMORANDUM

MOTZ, J.

*1 In this action plaintiff asserts two claims under the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 *et seq.,* and its implementing regulation, Regulation E, 12 C.F.R. part 205. First, she alleges that defendant's exterior ATM notice improperly states that a fee "may" be charged for using the ATM, rather than saying that a fee "will" be charged. Second, she contends that defendant's notice is not in a "prominent and conspicuous location." Defendant has filed a motion for summary judgment. The motion will be granted.

Judge Young of the District of Massachusetts has recently issued an opinion addressing the "may" versus "will" issue. *See Morrissey v. Webster Bank, N.A.,* 2006 WL 399629 (D.Mass. Feb.22, 2006). I fully agree with Judge Young's incisive and thorough analysis, and on the basis of his opinion I find in favor of defendant on the issue.

The second issue is whether defendant's placement of the "on machine" notice on a nine inch by twenty-two inch disclosure panel that is seven inches to the right of the ATM's edge (twenty-five inches from the keypad) satisfies the "prominent and conspicuous" requirement of 15 U.S.C. § 1693(b)(d)(3)(B)(i). I find it does. As the statute makes clear, the "on machine" notice need not actually be on the ATM itself, but rather in a "location *or at*" the machine. *Id. (emphasis added* ). Further, the size and location of defendant's disclosure panel render it, and the fee notice posted on it, sufficiently conspicuous to draw the attention of any reasonable person approaching the ATM by car or on foot.

A separate order granting defendant's motion is being entered herewith.

ORDER

For the reasons stated in the accompanying memorandum, it is, this 24th day of March 2006

ORDERED

1. Defendant's motion for summary judgment is granted; and

2. Judgment is entered in favor of defendant against plaintiff.

Slip Copy, 2006 WL 901639 (D.Md.)

**Motions, Pleadings and Filings (Back to top)**

• 1:05cv01070 (Docket) (Apr. 20, 2005)

• 2005 WL 3569450 (Trial Pleading) Introduction (Apr. 18, 2005)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 2

Slip Copy, 2006 WL 901639 (D.Md.)

**(Cite as: 2006 WL 901639 (D.Md.))**

• 2005 WL 3569451 (Trial Pleading) Answer to Complaint (2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.