# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAUREEN E. DELORETO and <br> DIANE E. HORTON, <br> <br> Plaintiffs, <br> v. <br> <br> SOVEREIGN BANK, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C. A. NO. 05-CV-10712 RCL <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT SOVEREIGN BANK'S REPLY MEMORANDUM
### IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

None of the arguments advanced by plaintiffs possess sufficient legal vitality to withstand Sovereign's motion for summary judgment.

First, in view of the undisputed photographic and videotape evidence, this Court can and should determine, as a matter of law, that Sovereign posted the Placard Notices[1] at issue in prominent and conspicuous locations.  However, even if this Court concludes that in the context of this case, the conspicuous placement issue constitutes a question of fact, plaintiffs' affidavits and photographs do not raise a material dispute because the Act requires only that the Placard Notices be posted in a "prominent and conspicuous location."  It does not, as plaintiffs suggest, mandate that, at all times during the transactional process, the consumer be able to read, study, review, and continually peruse the Placard Notice.

Second, contrary to the argument advanced by plaintiffs, the EFTA does not require that Sovereign physically annex its Placard Notices to the ATMs.  The Act simply directs that the

---

[1]  Defined terms employed in this Reply Memorandum have the same meaning ascribed to them in Sovereign's Memorandum in support of its Motion for Summary Judgment.

Placard Notices be placed "in a prominent and conspicuous location on or at " the ATM. *See* 15 *U.S.C.* § 1693b(d)(3)(B)(i). At their depositions, both plaintiffs acknowledged that Sovereign posted its Placard Notices near the ATMs at issue. Under the plaintiffs proffered definition of "at", Sovereign's nearby posting of the Placard Notice satisfies the requirements of the Act.

At their depositions, both plaintiffs admitted that they never used the walk-up ATM facilities at Sovereign's Plainville and Seekonk branches prior to filing their Complaint. Since they never used the walk-up ATM's at issue, during the relevant time frame, plaintiffs cannot claim to have suffered any harm as a result of the alleged defect in the placement of the Placard Notices at those ATMs. Therefore, plaintiffs lack standing to assert claims, relating the placement of the Placard Notices at the walk-up ATM facilities.

Finally, without the benefit of any legal support, plaintiffs argue that Sovereign's Placard Notices must state that a fee "will" be charged even though during the relevant time period, in approximately one out of every thirteen cash withdrawal transactions, no Convenience Fee was charged. Under such circumstances, the Federal Reserve Board agrees that use of the word "may" in Placard Notices complies with the requirements of the Act. Perhaps this is why Judge Young recently characterized plaintiffs' "may vs. will" argument as "ridiculous . . . bordering on the frivolous." *Morrissey v. Webster Bank, N.A*., 417 F. Supp. 2d 183, 189 (D. Mass. 2006).

## II.  ARGUMENT

### A. Whether Sovereign Posted the Placard Notices in Prominent and Conspicuous Locations Constitutes a Question of Law for this Court to Resolve.

This Court must determine whether Sovereign placed the Placard Notices at its Plainville and Seekonk drive-up ATMs in "prominent and conspicuous location[s] *on or at* " the ATMs. 15 *U.S.C.* § 1693b(d)(3)(B)(i) (emphasis added). The issue is ***not***, as plaintiffs would have this Court believe, whether the Placard Notices were: (i) visible by the plaintiffs when standing

directly in front of the ATMs (*See Opp.*, at 2-3); (ii) placed in the most prominent location available (*id.*, at 8); or (iii) capable of being read from moving vehicles (*See Horton* Trans. at 52). Rather, the sole question is whether Sovereign posted the Placard Notices at issue in locations where they were "reasonably calculated[2] to impart the information in question." *See U.S. v. Strakoff*, 719 F.2d 1307, 1309 (5th Cir. 1983) (construing a statute that required the posting of notices regarding the carrying of weapons to be posted "in a conspicuous place"); *see also, Morse v. Daily Press, Inc.*, 826 F.2d 1351, 1353 (4th Cir. 1987) (holding that "[n]otice is sufficient if it is posted conspicuously so that employees have a meaningful opportunity for becoming aware of their *ADEA* rights").

Plaintiffs concede – and Sovereign agrees – that the question of whether Sovereign posted the Placard Notices in "prominent and conspicuous locations must be answered by reference to an objective standard. *See Opp.*, at 5. What plaintiffs fail to understand, however, is that the use of an objective standard renders this matter particularly well suited for summary judgment. *See e.g. Singh v. Blue Cross/Blue Shield of Mass., Inc.*, 308 F.3d 25, 35 (1st Cir. 2002), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819-20 (1982) ("[b]y 'defining the limits of qualified immunity essentially in objective terms,' the Supreme Court has indicated that this 'defense would turn primarily on objective factors' and would therefore be amendable to resolution at the summary judgment stage . . ."); *Cole v. U.S. Capital Inc.*, 389 F.3d 719, 729 (7th Cir. 2004) (deciding a "clear and conspicuous" requirement for certain Fair Credit Reporting Act

---

[2]   Plaintiffs' observation that Sovereign has not provided any evidence as to the "calculation" employed by it requires little comment. *See Opp.* at 4. The phrase "reasonably calculated" does not mean that actual mathematical processes must be employed. Indeed, the word "calculate" is often understood, in a plain language sense, to mean nothing more than "to reckon by exercise of practical judgment." *The Merriam-Webster Dictionary* 72 (1998). Of course, the exercise of "practical judgment" is precisely what this case requires.

notices as a matter of law).  *In re Bassett*, 285 F.3d 882, 884-87 (9th Cir. 2002);  ("We decide conspicuousness as a matter of law.  This is not because judges are expert at graphic design, but because subjecting conspicuousness to fact-finding would introduce too much uncertainty into the drafting process.")  ; *Smith v. Check-n-Go of Illinois, Inc.*, 200 F.3d 511, 515 (7th Cir. 1999) (finding that conspicuousness within the meaning of the Truth in Lending Act turned on the application of an objective standard, "which makes the question legal rather than factual"); and *Winter Panel Corp. v. Reichhold Chemicals, Inc.*, 823 F. Supp. 963, 973-74 (D. Mass. 1993) (deciding on summary judgment that a seller conspicuously placed clauses purporting to limit damages on its invoices and chemical bulletins as required by the UCC).  In short, courts across the country have addressed the issue of conspicuousness in a variety of different contexts, and concluded that as one New York court observed, "[the term 'conspicuous'] . . . is one of those words about which it can be said, 'Everyone knows it when they see it.'"  *New York Horse & Carriage Ass'n v. City of New York, Dep't of Consumer Affairs*, 545 N.Y.S.2d 439, 441 (N.Y. Sup. Ct. 1989).

      Application of the "I know it when I see it" standard to the undisputed facts of this case compels the conclusion that Sovereign posted its Placard Notices in clear and conspicuous locations near to the ATMs at issue.  Plaintiffs concede that they had to pass by the Placard Notices in order to get to the ATMs, (*See* Supplemental Statement ¶¶76 and 87) and while it might be unwise to read the Notice while driving a car up to the ATM, nothing prevented plaintiffs from stopping their vehicles in front of the Placard Notices and reading the posted information.  (*See* Supplemental Statement ¶¶77 and 89.)  The fact that they chose not to do so hardly serves to render the Placard Notices inconspicuous.  Moreover, in *Mohler v. Manufacturers and Traders Trust Co.*, 2006 WL 901639 (D. Md. March 24, 2006) Judge Motz

determined that a Placard Notice located 25 inches from an ATM keypad, and placed after the drive-up ATM, satisfy the "prominent and conspicuous requirement" of 15 *U.S.C.* § 1693b (d) (3) (B) (i).[3]  *A fortiori* Placard Notices posted before the consumer arrives at the drive-up ATM and 16 and 30 inches from the ATM screen must be located in a prominent and conspicuous location "reasonably calculated to impart" information relating to Sovereign's Convenience Fee policy.

### B. Sovereign Posted It's Placard Notices "On or At" the ATMs at Issue.

Plaintiffs claim that Congress intended to require that the Placard Notices, if not affixed to the ATMs themselves, should at least be located "directly adjacent" to the ATMs. *Opposition*, p. 6. However, the Act contains no such requirement. Moreover, plaintiffs' own legislative analysis coupled with their deposition testimony, conclusively establishes Sovereign's compliance with the EFTA with respect to this issue. Plaintiffs define the word "at" as meaning "on, in, by or near," *See Opposition* at 6, and both plaintiffs explicitly acknowledged that Sovereign's Placard Notices are, in fact, "near" the ATMs:

| **Mr. Frechette:** | Would you consider . . . the red placard that's depicted in [Exhibit M accompanying Sovereign's motion for summary judgment] to be 'near' the ATM machine? |
|---|---|
| **Ms. Horton:** | This is M. ***Yes, it is near***. |

*Horton Dep.*, p. 34 (emphasis added)

| **Mr. Frechette:** | All right. And how far is the placard away from the machine itself? |
|---|---|

---

[3]  The factual background for the *Mohler* decision may be gleaned from a review of the Court's docket, which is available online. *See, e.g. Mohler v. Manufacturers and Traders Trust Co.*, United States District Court, District of Maryland, Docket No. JFM-05-CV-1070, *Memorandum in Support of Defendant Manufacturers and Traders Trust Company's Motion for Summary Judgment*, 2006 WL 358042 (D. Md. Jan. 26, 2006) (setting forth relevant undisputed facts as cited above).

| | |
|---|---|
| **Ms. DeLoreto:** | Probably – I'd have to say about a foot and a half. |
| | \*          \*          \* |
| | Roughly around two feet, yes, about two feet. |
| | \*          \*          \* |
| **Mr. Frechette:** | . . . [W]ould you agree with me that if something is two feet away from something else, it's 'near' it? |
| **Ms. DeLoreto**: | *It is near it, yes*. |

*DeLoreto Dep.*, pp. 35-36 (emphasis added). Thus, both plaintiffs effectively concede that the Placard Notices at issue are "at" the ATMs. Since the EFTA requires nothing more, summary judgment should enter in favor of Sovereign on this issue.

### C.    Plaintiffs Lack Standing to Challenge the Placard Notices Posted at the Walk-Up Locations.

In the context of class actions, courts assess standing to sue based on the claims of the named plaintiffs and not upon the standing of unidentified class members. *Lewis v. Casey,* 518 U.S. 343, 357 (1996) (requiring that named plaintiffs assert personal injury, not just injury of unnamed class members). In this case, Plaintiffs admit that they never used the walk-up ATMs in Sovereign's Plainville and Seekonk branches before they filed this action. (*See* Supplemental Statement ¶¶74 and 85.) Therefore, with respect to their allegations concerning Sovereign's walk-up ATMs, Plaintiffs constitute nothing more than "concerned bystanders" who cannot claim any personal injuries resulting from a "concrete factual context" involving Sovereign's walk-up ATMs. *See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 473 (1982). As such, they lack standing, either individually or as

representatives of a class, to challenge allegedly unlawful conduct that did not affect them. *See Gaines v. Boston Herald, Inc.*, 998 F. Supp. 91, 105-06 (D. Mass. 1998) (holding that job applicants asserting disparate impact race discrimination did not have standing to challenge hiring policies that had no "possible impact" on them); *Rector v. City and County of Denver*, 348 F.3d 935, 945-946 (10th Cir. 2003) (holding that other named plaintiff lacked standing to contest allegedly misleading notice regarding payment of late fees on parking tickets since he made no allegation that he suffered any injury on account of the allegedly misleading nature of the notice).

Plaintiffs urge this Court to ignore the jurisdictional question of standing and simply decide at the class certification stage whether the walk-up ATM users may be included in the class. *See* Opp. at 10. However, this Court must address the threshold issue of standing *before* determining the typicality of the named plaintiffs or the propriety of class certification generally. *In re Eaton Vance Corp. Securities Litigation,* 219 F.R.D. 38, 42 (D. Mass. 2003) (recognizing that challenges to Article III standing must be decided prior to reaching the issue of class certification).

The proper procedure when the named plaintiff lacks individual standing is to dismiss the complaint. 1 Newburg on Class Actions § 2:9; *Abato v. Marcam Corp.*, 162 F.R.D. 8, 11 (D. Mass. 1995 ) (dismissing class action complaint for lack of standing); *In re Eaton Vance Corp. Securities Litigation*, 219 F.R.D. at 41 (dismissing named plaintiffs' claim against two funds from which they did not purchase shares). Precisely the same result is in order here.

### D.     Sovereign's Notices May Lawfully State That A Fee "May" Be Charged.

Notwithstanding recent decisions to the contrary by at least two District Courts, plaintiffs argue that the Placard Notices at issue are insufficient because they state that a fee "may" be

imposed. Plaintiffs contend that the Placard Notices should state that a fee "will" be imposed, even though – as the undisputed facts establish – Sovereign did *not* (in 2005) charge a fee for approximately one out of every thirteen transactions. (*See* Plaintiff's Appendix Ex. 8)[4] Plaintiffs even assert that the "plain language of the statute compels this conclusion." *Opp*. at 12. However, as Judge Young recognized in *Morrissey,* the "plain language" of the statute compels the exact opposite result!

> Depending on the identity and intentions of the consumer, an ATM operator sometimes does not impose a fee. . . . In such a circumstance, the statute ***'plainly' does not require*** the operator to give notice at all. . . . The notice 'on [or at] the machine' should state that a fee 'may' be imposed, while the notice 'on the screen' should appear only when a fee in fact is imposed.

*Morrissey*, 417 F. Supp.2d at 189-90 (emphasis added).

Moreover, plaintiffs' view of the statute's "plain language" is directly at odds with the interpretations of the Federal Reserve Board ("the Board") – the agency charged with enforcement of the *EFTA*. Judge Young cited both the Board commentary and revisions to Regulation E itself in making this precise point in *Morrisey*:

> An ATM operator that imposes a fee for a specific type of transaction – such as . . . for some cash withdrawals, but not for others (such as where the card was issued by a foreign bank or by a card issuer that has entered into a special contractual relationship with the ATM operator regarding surcharges) – may provide notice on or at the ATM that a fee will be imposed *or a notice that a fee may be imposed* . . . or may specify the type of EFT for which a fee is imposed or may be imposed. If, however, a fee will be imposed in all instances, the notice must state that a fee will be imposed. Final Rule, 71 Fed. Reg. At 1664 (effective Feb. 9, 2006) (to be codified at 12 C.F.R. § 205.16, Supp. I) (emphasis added). Moreover, the Board has amended Regulation E, itself, to allow that an ATM operator may post a notice stating that (i) [a] fee will

---

[4] The figures upon which this estimate is based include cash withdrawal transactions by consumers who used an ATM card issued by a non-U.S. bank who would not be members of the purported class.

> be imposed . . . ; or (ii)[a] fee *may* be imposed for providing electronic fund transfer services or for a balance inquiry, but this notice . . . may be substituted . . . only if there are circumstances under which a fee will not be imposed for such services . . . .
> Final Rule, 71 Fed. Reg. at 1659 (effective Feb. 9, 2006) (to be codified at 12 C.F.R. § 205.1(c)(1) (emphasis added).

417 F. Supp.2d at 190.[5]

Plaintiffs' single sentence effort to devitalize *Morissey* is unavailing. Specifically, they claim *Morrisey* is distinguishable because, in that case, 77.5% of non-customers were not charged a fee, but in the matter at bar, 92.6% of non-customers are charged. With all due respect to plaintiffs and their counsel: what of it? Neither the statute nor the applicable regulations contain any language to suggest that the terms of the notice should morph depending on the number of transactions on which the bank imposes a Convenience Fee. No statutory provisions allows use of the word "may" only when something more than five, ten, or twenty percent of the transactions do not result in the imposition of a Convenience Fee. Indeed, the contrary is true – as the Board's commentary makes clear, use of the term "will" is only mandated when a fee is

---

[5] While it is true the revisions to Regulation E did not become effective until *after* the events giving rise to plaintiffs' claims, the Board's commentary accompanying those rule changes makes clear that – in the Board's view – notices using the word "may" have ***always*** been acceptable.

> The Board offered these changes 'to *clarify*' the existing rules. *Final Rule*, 71 Fed. Reg. At 1655 (emphasis added). That is, the Board *already* believed that the statute and its regulations allowed the form of notices [at issue here]. *Final Rule*, 71 Fed. Reg. At 1656 ('[W]hile the Board is amending the regulation to address this issue, this amendment does not represent a change in the Board's interpretation of the rule's requirements'). This sentiment was expressed as early as September of 2004 in the Board's first proposed change on this topic – well before the events at issue in this case. *See Proposed Change to Official Staff Interpretation*, 69 Fed. Reg. At 56,005.

*Morrissey*, 417 F. Supp.2d at 190-91 (emphasis in original).

always charged.  This, of course, makes sense, since it is only when a fee is always charged that one can accurately state that a fee "will" definitely be imposed.  [6]

### III.  CONCLUSION

The facts of this case plainly demonstrate Sovereign's entitlement to summary judgment.  The notices at issue are indisputably placed in locations where any reasonable person, if they were so inclined, could examine them.  Moreover, plaintiffs have no basis for their "may vs. will" argument, and two district courts have already expressly so held.

For all of the reasons set forth in Sovereign's initial motion filings, and for the additional reasons set forth in this reply memorandum, this Court should grant Sovereign's motion for summary judgment.

Dated: June 8, 2006

**SOVEREIGN BANK**
By its attorneys,
/s/ John A. Houlihan
/s/ Donald E. Frechette
John A. Houlihan (B.B.O. #542038)
Donald E. Frechette (B.B.O. #547293)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110-1800
(617) 439-4444  Telephone
(617) 439-4170  Telecopy

---

[6]  Plaintiffs' final argument – that the Placard Notice could contain a series of descriptive statements setting forth all of the occasions when a fee will or will not be charged – is legally unfounded and impractical.  First, and as Judge Young noted, the EFTA contains no such requirement, and "Congress knows how to require the exact wording of notices when it wants to." *Morrisey*, 417 F.Supp.2d at 190 n. 12.  Moreover, the circumstances controlling those instances in which a fee may be charged will change over time.  Surely plaintiffs are not suggesting that, with each change in circumstances, Sovereign must remove all existing notices and provide updated disclosures?  Obviously, use of the conditional term "may," without limitation or further explanation, addresses this issue fully.