**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MAUREEN E. DELORETO and ) | |
| DIANE E. HORTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 05 CV 10712 RCL |
| v. ) | |
| ) | |
| SOVEREIGN BANK, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**SUPPLEMENT TO ITS STATEMENT OF MATERIAL**
**FACTS IN SUPPORT OF SUMMARY JUDGMENT**

Defendant's Additional Facts:

74. Ms. Horton cannot recall ever using the walk-up ATM at Sovereign's Plainville branch prior to the commencement of this litigation.

**Response:** Admit.

75. The Placard Notice is located "near" the drive-up ATM at Sovereign's Plainville Branch.

**Response:** Plaintiffs object on the grounds that the word "near" is not defined, and is relative. For example, Rhode Island can be said to be "near" Massachusetts, but it that does not mean a sign located in Rode Island could be said to be on or at an ATM at a Massachusetts bank, or located in a prominent and conspicuous location for users of the Massachusetts' ATM. Plaintiffs submit that the measurements provided by defendant (Def. SMF, ¶34) demonstrate theat the notice is not "near" enough to the ATM to be considered "on or at" the machine, or posted in a prominent and conspicuous location, and Ms. Horton testified that the notice is not "near" to a person sitting in a car (Horton Dep. p. 34), and plaintiffs therefore deny this allegation.

76. In order to access the Plainville drive-up ATM, a consumer must drive past Sovereign's Placard Notice.

**Response:**  Admit.

77. Nothing prevented Ms. Horton from stopping and examining the Placard notice before proceeding to Sovereign's Plainville drive-up ATM.

**Response:** Admit that on February 25, 2006, nothing prevented Ms. Horton from stopping and examining the notice, but deny that nothing prevented her from examining it on prior occasions, because she did not notice the placard until her February 25, 2006 visit. (Horton Aff. ¶¶4, 5, Horton Dep. p. 18)

78. Ms. Horton is able to read print of the size utilized in the Sovereign Placard Notice.

**Response:** Admit that Ms. Horton can read print of the size utilized in the Placard Notice, but deny that she could read it from her vehicle. (Horton Aff. ¶¶6, 7)

79. Although Ms. Horton stated in paragraph 6 of her affidavit that "there was absolutely no visible notice in the immediate vicinity" of the Plainville drive-up ATM when she went to take photographs for use in her opposition filings, her statement was meant only to convey the notion that, when she was parked directly in front of the drive-up ATM at Sovereign's Plainville branch, the convenience fee notice was not visible to her.

**Response:** Plaintiffs object to this allegation on the grounds that it is not a fact, but an attempt to interpret plaintiffs' prior statements.  Without waiving their objections, plaintiffs deny this allegation, as Ms. Horton says nothing about what the statements made in her affidavit meant in the portions Sovereign cited from her deposition testimony (Horton Dep. pp. 47-49)

80. Although Ms. Horton stated in her affidavit that it is "virtually impossible" to read the convenience fee notice, when she made this statement, she meant that she could not read "when she was parked directly in front of the ATM."

**Response:**  Plaintiffs object to this allegation on the grounds that it is not a fact, but an attempt to interpret plaintiffs' prior statements.  Without waiving their objections, plaintiffs deny this allegation, as Ms. Horton says nothing about what the statements made in her affidavit meant in the portions Sovereign cited from her deposition testimony (Horton Dep. pp. 49)  Plaintiffs admit only that Ms. Horton cannot read the convenience fee notice when parked directly in front of the Sovereign drive-up ATM.

81. While Ms. Horton stated in her affidavit that "it is impossible to read the tiny print contained [in the notice] as you are driving past the[notice]," this statement was intended to convey that the fee notice cannot be safely read by an approaching ATM customer whose vehicle is in motion.

**Response:**  Plaintiffs object to this allegation on the grounds that it is not a fact, but an attempt to interpret plaintiffs' prior statements.  Without waiving their objections, plaintiffs deny this allegation, as Ms. Horton says nothing about what the statements made in her affidavit meant in the portions Sovereign cited from her deposition testimony (Horton Dep. pp. 52)   Plaintiffs admit only that she found it impossible to read the tiny print contained in the fee notice when driving past the notice.

82. Ms. Horton's opinion that "the convenience fee notice is placed in a location that is difficult for any consumer to see," was intended to convey the notion that the fee notice is difficult to see when the customer is parked directly in front of the Plainville Drive-up ATM.

**Response:**  Plaintiffs object to this allegation on the grounds that it is not a fact, but an attempt to interpret plaintiffs' prior statements.  Without waiving their objections, plaintiffs deny this allegation, as Ms. Horton says nothing about what the statements made in her affidavit meant in the portions Sovereign cited from her deposition testimony (Horton Dep. pp. 53)   Plaintiffs admit only that the convenience fee notice is placed in a location that is difficult for any consumer to see.

83. The Placard Notice at the Plainville walk-up ATM is visible when you enter the vestibule.

**Response:** Admit only that the bulletin board containing the placard notice is visible. (Horton Dep. p. 58)

84. In asserting that the Placard Notice at the Plainville walk-up ATM is not "reasonably calculated to impart its information to non-Sovereign customers, Ms. Horton intended to convey the notion that "when standing at the [Plainville walk-up] ATM machine looking at the screen, you can't see what's behind you.

**Response:** Admit.

85. Ms. Deloreto has never used the walk-up ATM at Sovereign's Seekonk branch.

**Response:** Admit.

86. The Placard Notice is located "near" the Seekonk drive-up ATM.

**Response:**  Plaintiffs object on the grounds that the word "near" is not defined, and is relative.   For example, Rhode Island can be said to be "near" Massachusetts, but it that does not mean a sign located in Rode Island could be said to be on or at an ATM at a Massachusetts bank, or located in a prominent and conspicuous location for users of the Massachusetts' ATM.  Plaintiffs submit that the measurements provided by defendant (Def. SMF, ¶15) demonstrate theat the notice is not "near" enough to the ATM to be considered "on or

at" the machine, or posted in a prominent and conspicuous location. (Horton Dep. p. 36)

87. In order to utilize Sovereign's Seekonk drive-up ATM, it is necessary to drive past the Placard Notice.

**Response:** Admit.

88. Ms. Deloreto saw the Placard Notice at Sovereign's Seekonk drive-up ATM.

**Response:** Admit.

89. Nothing prevents a customer from stopping their vehicle in front of the Seekonk Placard Notice in order to read the notices contained on the placard before proceeding to the ATM.

**Response:** Admit.

90. Ms. Deloreto's opinion that "the convenience fee notice is placed in a location that is difficult for any consumer to see," was intended to convey the notion that the notice is difficult to see when the customer is parked directly in front of the Seekonk drive-up ATM.

**Response:** Plaintiffs object to this allegation on the grounds that it is not a fact, but an attempt to interpret plaintiffs' prior statements. Without waiving their objections, plaintiffs deny this allegation, as Ms. Deloreto says nothing about what the statements made in her affidavit meant in the portions Sovereign cited from her deposition testimony (Deloreto Dep. pp. 45-46)   Plaintiffs admit only that the convenience fee notice is placed in a location that is difficult for any consumer to see.

91. With respect to the Seekonk walk-up ATM, Ms. Deloreto conceded she did not, in paragraph 8 of her affidavit, mean to suggest the placard containing the convenience fee notice is not visible, rather only to suggest "the placard isn't visible when you're standing directly in front  of the [ATM].

**Response:**  Plaintiffs object to this allegation on the grounds that it is not a fact, but an attempt to interpret plaintiffs' prior statements. Without waiving their objections, plaintiffs admit only that the quoted testimony is in fact what Ms. Deloreto said at her deposition, among other things.

                                                s/Cathleen M. Combs
                                                Daniel A. Edelman
                                                Cathleen M. Combs

>Tara L. Goodwin
>EDELMAN, COMBS, LATTURNER
>    & GOODWIN, LLC
>120 S. LaSalle Street, 18th Floor
>Chicago, Illinois  60603
>(312) 739-4200
>(312) 419-0379 (FAX)
>
>Christopher M. Lefebvre
>CLAUDE LEFEBVRE, P.C.
>Two Dexter Street
>Pawtucket, RI  02860
>(401) 728-6060
>(401) 728-6534 (FAX)
>B.B.O. # 629056

## CERTIFICATE OF SERVICE

I, Cathleen M. Combs, hereby certify that on June 30, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>s/Cathleen M. Combs
>Cathleen M. Combs