**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MAUREEN E. DELORETO and<br>DIANE E. HORTON,<br><br>Plaintiffs,<br><br>v.<br><br>SOVEREIGN BANK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 05 CV 10712 RCL<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO STRIKE THE DECLARATION OF MARC A. GREEN**

Plaintiffs, Maureen Deloreto and Diane Horton, respond as follows to defendant's

motion to strike the declaration of Marc Green.  Defendant's motion is filled with inaccuracies, and

should be denied.

Initially, defendant accuses Dr. Green of failing to take into account the standards

required by the EFTA, and refers to the list of items Dr. Green reviewed prior to preparing his

report.  What defendant fails to notice, among the items Dr. Green reviewed, was defendant's own

motion for summary judgment and memorandum in support of same. Exhibit A to the Declaration

of Marc Green.  Defendant's memorandum in support of summary judgment discusses the EFTA

standards at length.  Moreover, Dr. Green does not purport to be a legal expert – applying the law

in this case is the Court's role, not the role of plaintiff's expert.  Instead, Dr. Green is a scientific

expert on whether signs and other items are located in prominent and conspicuous locations.

Tellingly, defendant has not challenged Dr. Green's qualifications in his field.  Dr. Green's report

discusses at length how to determine if a fee notice is in a prominent and conspicuous location,

which is clearly the proper standard under the EFTA; defendant's claim that he somehow did not take the EFTA into account is false, and should therefore be disregarded.

Defendant contends that the Court in another case rejected the approach proposed by Dr. Green. Once again, defendant is wrong. First, without photos of the notices in question in the Mohler v. Manufacturers & Traders Trust Co., 2006 WL 901639 (D. Md. March 24, 2006), it is impossible to compare the promiscuity of the notices in this case with the Mohler notices. It is clear from what little explanation was offered by the Mohler court, that the Mohler court considered more than just the measurements in making its decision. ("Further, the size and location of defendant's disclosure panel render it, and the fee notice posted on it, sufficiently conspicuous to draw the attention of any reasonable person approaching the ATM by car or on foot.")

Additionally, the fee notice in the Mohler case was significantly closer to the ATM than the notices in the present case. The Seekonk notice is 30 inches from the edge of the machine, and 48 inches from the center of the screen, (Affidavit of Rhiannon Hernandez, ¶8) and the Plainville notice is 13.5 inches from the edge of the machine and 32 inches from the center of the screen. (Affidavit of Stephanie Comeau, ¶8). The Mohler notice, on the other hand, was 7 inches from the edge of the machine and 25 inches from the keypad. Thus, the Seekonk notice is over 4 times further from the machine than the Mohler notice, and the Plainvillle notice is 1.9 times further from the machine than the Mohler notice. In short, the extremely brief Mohler decision cannot be used as authority to reject either plaintiffs' position, or that of their expert, Dr. Green.

The fact that Dr. Green stated that "naive" individuals would not notice the fee notice does not imply that Dr. Green's opinion does not conform with the EFTA. A review of Dr. Green's report indicates that Dr. Green obviously used the term "naive" to distinguish the average non-

customer ATM users the EFTA was intended to protect, from the Sovereign bank branch managers who submitted affidavits on Sovereign's behalf, regarding the visibility of the fee notices.

Defendant next contends that Dr. Green's opinion should be excluded because the issue of whether the fee notices were in prominent and conspicuous locations is a "matter of common sense." On the contrary, as Dr. Green's report explains, the issue of whether a sign is prominent and conspicuous depends on many factors, including whether it is in the intended target's visual field, where the intended target is likely to be looking in comparison with the location of the sign, whether the visual field is cluttered with other objects and/or signs, and the legibility of the sign from the intended target's location. One cannot establish all of these factors by merely looking at pictures and measurements. For that reason, the cases defendant cites, in which the court presumably has the document in question in its hands to review are distinguishable.

Experts routinely testify about visibility and conspicuousness in personal injury, criminal and intellectual property matters on issues such as whether a pedestrian was visible or whether a warning label was conspicuous. See e.g., Minnesota Mining and Manufacturing v. Beautone Specialties Co., 82 F.Supp.2d 997, 1002 (D.Minn. 2000) (expert testimony allowed on conspicuousness of canary yellow);Rowson v. Kawasaki Heavy Enterprises, Ltd., 866 F.Supp. 1221, 1240 (N.D.Iowa 1994) (expert testimony allowed on whether product warning label was conspicuous); Scott v. Sears, Roebuck & Co., 789 F.2d 1052 (4th Cir. 1986) (expert not allowed to testify about how women in high heals avoid grates, but was allowed to testify about the visual impact of yellow paint on the human eye).

Finally, defendant criticizes Dr. Green's opinion that location alone cannot determine whether a notice is prominent and conspicuous, going so far as to accuse him of engaging in "Alice

in Wonderland" type dialogue.  Defendant's position defies common sense, which is ironic given

defendant's insistence that this matter can be resolved using common sense alone.  Surely defendant

does not suggest that a fee notice located directly on the front of the ATM, but which is printed in

type so small that it could only be read with a high powered magnifying glass is prominent and

conspicuous?  What about a sign located seven inches after a drive-up ATM?  The fact that a fee

notice cannot be read by the intended target of the sign is most definitely relevant to the issue of

whether the fee notice is in a prominent and conspicuous location.

In short, Dr. Green's report gives important expert information regarding how to

determine if a sign is in a prominent and conspicuous location, and demonstrates why the affidavits

submitted by Sovereign employees should be disregarded, and Sovereign's motion for summary

judgment should be denied.  Sovereign's motion to strike Dr. Green's report should therefore be

denied.

Respectfully submitted,


s/Cathleen M. Combs
Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher M. Lefebvre
CLAUDE LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI  02860

(401) 728-6060
(401) 728-6534 (FAX)
B.B.O. # 629056

## CERTIFICATE OF SERVICE

  I, Cathleen M. Combs, hereby certify that on July 17, 2006, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/Cathleen M. Combs
Cathleen M. Combs