**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MAUREEN E. DELORETO and<br>DIANE E. HORTON,<br><br>              Plaintiffs,<br>v.<br><br>SOVEREIGN BANK,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)   C. A. NO. 05-CV-10712 RCL<br>)<br>)<br>)<br>)<br>) |

## JOINT PROPOSED DISCOVERY PLAN AND CASE SCHEDULE

The parties respectfully submit the following joint proposed discovery plan and case schedule:

1. The parties shall make Rule 26(a) disclosures no later than January 5, 2006. The parties' obligations pursuant to Rule 26(a) disclosures shall be limited only to the named parties and need not address all members of the purported class until such time as the Court may certify a class. Disclosures covering members of any certified class shall be served no later than thirty (30) days after the issuance of an Order certifying a class.

2. Pursuant to Local Rule 16.1(D)(1)(b), discovery shall be staged. The first stage shall be limited solely to (a) issues relating to the suitability of the action as a Class Action and the certification of a class and (b) the claims and defenses as they specifically relate to the named parties ("Stage One"). The Second stage shall address the facts underlying the parties' respective substantive claims and defenses ("Stage Two").

3. Stage One discovery is ongoing and shall continue until January 31, 2006. The parties shall serve all Stage One discovery requests in a manner that causes the deadline for responses (as calculated by the appropriate Federal Rule of Civil Procedure) to fall before the close of Stage One discovery).

4. If the Plaintiffs intend to use expert testimony (including but not limited to a report) in conjunction with a motion for class certification, the Plaintiffs shall disclose such experts and serve its expert witness reports pursuant to Rule 26 no later than January 20, 2006. If the Defendant seeks to rely on expert testimony in opposition to the motion for class certification, it shall disclose its expert witnesses and serve its expert witnesses' reports pursuant to Rule 26 no later than thirty (30) days after being served an expert report by the Plaintiffs. Stage One expert discovery shall be closed sixty (60) days after the service of the last expert report.

5. Within sixty (60) days after the close of Stage One discovery and expert discovery, Plaintiffs must file any motion pursuant to Rule 23 seeking certification of the present case as a Class Action. Failure to do so shall constitute waiver of such right.

6. Within thirty (30) days after the filing of Plaintiffs' motion seeking class certification, the Defendants must file any opposition thereto.

7. Stage Two discovery shall commence immediately after the issuance of the Court's ruling on Plaintiffs' motion seeking class certification, and no Stage Two discovery shall be served until that date. Stage Two discovery shall continue for a period of three (3) months. The parties shall serve all Stage Two discovery requests in a manner that causes the deadline for response (as calculated by the appropriate Federal Rule of Civil Procedure) to fall before the close of Stage Two discovery.

8.   If the Plaintiffs intend to use expert testimony in conjunction with any motion or at trial, the Plaintiffs shall disclose such experts and serve its expert witness reports pursuant to Rule 26 no later than thirty (30) days after the beginning of Stage Two discovery. If the Defendant seeks to rely on expert testimony in conjunction with any motion or at trial, it shall disclose its expert witnesses and serve its expert witnesses' reports pursuant to Rule 26 no later than thirty (30) days after being served an expert report by the Plaintiffs. Stage Two expert discovery shall be closed sixty (60) days after the service of the last expert report.

9.   All dispositive motions shall be filed no later than thirty (30) days after the close of Stage Two discovery and expert discovery. Oppositions to any such dispositive motions shall be filed no later than thirty (30) days after the receipt of a dispositive motion. Reply briefs shall be filed no later than twenty (20) days after the receipt of an opposition to a dispositive motion. The briefing schedule may be modified by stipulation of all counsel of record or as otherwise ordered by the Court.

10.   A pretrial conference shall be scheduled at the convenience of the Court for a date at least thirty (30) days after decision on any dispositive motions, at which time the parties shall submit a further proposal concerning appropriate deadlines including the establishment of a trial date.

BOS_559418_1/JGARDNER

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **MAUREEN DELORETO and DIANE E. HORTON**<br>By their attorneys, |
| Dated:  November 20, 2006 | /s/ Christopher M. Lefebvre<br>Christopher M. Lefebvre (B.B.O. #629056)<br>LAW OFFICES OF CLAUDE LEFEBVRE & SONS<br>PO Box 479<br>Pawtucket, RI 02862<br>(401) 728-6060 Telephone<br>(401) 728-6534 Telecopy |
|  | Cathleen M. Combs (pro hac vice)<br>Tara L. Goodwin<br>EDELMAN, COMBS, LATTURNER, LLC<br>120 South LaSalle Street, 18th Floor<br>Chicago, IL 60603<br>(312) 739-4200 Telephone<br>(312) 419-0379 Telecopy |
|  | **SOVEREIGN BANK**<br>By its attorneys, |
| Dated: November 20, 2006 | /s/ John A. Houlihan<br>/s/ Joshua W. Gardner<br>John A. Houlihan (B.B.O. #542038)<br>Donald E. Frechette (B.B.O. #547293)<br>Joshua W. Gardner (B.B.O. #657347)<br>EDWARDS ANGELL PALMER & DODGE LLP<br>111 Huntington Avenue<br>Boston, MA  02199<br>(617) 439-4444  Telephone<br>(617) 439-4170  Telecopy |